**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:23-mj-00213 |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| TERRANCE D. BAKER, | : | |
| Defendant. | : | |

## OPINION & ORDER GRANTING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. 5)

This case came before the Court on the Government's Motion for Pretrial Detention (Doc. 5), which seeks to detain Defendant Terrance Baker ("Defendant") prior to trial. This Court held a hearing on May 24, 2023 and granted the Motion at the end of the hearing. This Opinion and Order expands upon the Court's reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

### I.     LEGAL STANDARD

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the

1

person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the Government charges the defendant by filing a complaint, however, then the Court must "find[] that there is probable cause to believe that the person committed" the offenses that give rise to a rebuttable presumption. 18 U.S.C. § 3142(e)(3). Significantly, the Court makes this finding based upon the record before it at the detention hearing. Therefore, the Court neither defers to the probable-cause finding that supported issuing the complaint, nor preempts the probable-cause determination at the upcoming preliminary hearing.

than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on

## II.    ANALYSIS

For the reasons stated at the detention hearing and described below, the Court

finds that the Government has met its burden of proving by a preponderance of the

evidence that no condition or combination of conditions will reasonably assure

Defendant's appearance at required court appearances if he is released. The Court further

finds that the Government has met its burden of proving by clear and convincing

evidence that no condition or combination of conditions will reasonably assure the safety

of other persons and the community if Defendant is released. Therefore, the Court grants

the Government's Motion.

### A.  Rebuttable Presumption

No rebuttable presumption applies in this case. Therefore, this factor is neutral.

### B.  Nature and Circumstances of the Offense

Based upon the Complaint and Affidavit, there is ample evidence that Defendant

committed a crime involving a firearm. Notably, criminal offenses that involve firearms

support a finding of dangerousness even if there is no evidence of a propensity for

violence. *See U.S. v. Stone*, 608 F.3d 939, 947, 948 n.7 (6th Cir. 2010) ("In terms of

dangerousness, Congress also thought it was especially significant if the charges include"

one of the offenses listed in 18 U.S.C. § 3142(g)(1)). Therefore, the Court finds that the

nature and circumstances of the offense weigh in favor of detention.

---

parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

### C.  Weight of Evidence of Risk of Flight or Dangerousness

The Government has proven by clear and convincing evidence that Defendant poses a significant risk of danger to the community. His criminal history includes convictions relating to weapons and crimes of violence. Specifically, Defendant was previously convicted of felonious assault and improper handling of a firearm in a motor vehicle, and sentenced to prison for both offenses. Moreover, the fact that Defendant allegedly committed the instant offense while on parole establishes a lack of disregard for court-ordered requirements. Taken together, the evidence in the record regarding the danger that Defendant poses to the community weighs in favor of detention.

The Government has also proven by a preponderance of the evidence that Defendant poses a significant risk of flight. The day after Defendant allegedly committed the offense at issue here, he was charged in state court with fleeing and eluding law enforcement. In addition, he faces a lengthy term of imprisonment if convicted of this offense. The evidence of the risk of flight also weighs in favor of detention.

### D.  Defendant's History and Characteristics

As noted, Defendant's criminal history includes convictions for crimes of violence and weapons offenses. He allegedly committed the instant offense while on parole and faces the potential revocation of that parole. He is subject to a lengthy period of incarceration if convicted. He has been charged with fleeing and eluding law enforcement. He has not demonstrated that he has a stable residence, stable employment, or family or community ties to the area. His background information is both unknown

and unverified. Taken together, Defendant's history and characteristics weigh heavily in favor of detention.

### E.  Nature and Seriousness of Danger Posed to The Community

Felonious possession of a firearm poses a significant threat to the safety of the community. Given the additional facts described above, including Defendant's criminal history and attempts to evade law enforcement, this factor also weighs in favor of detention.

## III.    CONCLUSION

After weighing all the relevant factors, the Court finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure (1) Defendant's appearance as required by the Court and (2) the safety of other persons and the community. Therefore, the Government's Motion for Pretrial Detention (Doc. 5) is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1)      Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2)      Defendant be afforded reasonable opportunity for private consultation with counsel; and

3)      On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined

deliver Defendant to a United States Marshal or his deputy for the purpose of an

appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or

amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A

defendant who files a motion for revocation or amendment must arrange for a transcript

of the detention hearing. This Order is in full force and effect, notwithstanding the filing

of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or

District Judge.